UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENA HICKMAN,

                    Plaintiff,

          -against-

NEW YORK CITY POLICE DEPARTMENT,

                    Defendants.

25-CV-10165

ORDER DENYING
ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* has filed six motions requesting preliminary injunctive relief and a motion requesting *pro bono* counsel. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff alleges that Defendant the New York City Police Department ("NYPD")

> has been acting on behalf of Meta Platforms, Inc., and Meta, Platforms, Inc., law firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C., in carrying out repeated acts of reprisal against me as their punishment for me being an employment whistleblower or as they have referred to me as 'A RAT AND A SNITCH'.

(ECF 1 at 3.)

Plaintiff's factual allegations and legal assertions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair

ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's emergency motions are denied. (ECF No. 4, 8, 10, 11) are denied. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's requests for emergency injunctive relief are denied, and the Clerk of Court is directed to terminate them. (ECF 4, 8, 10-15.) Plaintiff is instructed not to file any additional emergency motions at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     December 22, 2025
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge