UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENA HICKMAN,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT,

Defendants.

25-CV-10165 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action claiming that the New York City Police Department violated her federally protected rights. (Complaint, ECF No. 1, at 6.) By separate order, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. This Court dismisses the complaint for the reasons set forth below.

## I. BACKGROUND

The following allegations are drawn from the complaint.[1] The New York City Police Department ("NYPD") is the sole Defendant, but Plaintiff claims that the NYPD is "acting on behalf of" Meta Platforms, Inc. ("Meta"), Mark Zuckerberg, Heidi Swartz, Tram Frank, Josh Higgins, Margaret McLaughlin, Larry Corwin, Heather Michaels, Holly Butler, and the law firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree"). (ECF No. 1, at 3.) According to Plaintiff, "[a]lmost five years ago," she was a "job candidate for a full-time Program Manager position" with Meta in Silicon Valley. (*Id.* at 3.) Plaintiff alleges that Meta and its "hiring managers" and legal representative:

> used their deviant friend former contractor Holly Butler in a scheme to unwittingly lure me into committing a crime–Drug Muling.' A criminal offense that would have landed me in prison for upwards of 10 years with a minimum of $250K fine for

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

> drug trafficking, money laundering and bank wire fraud had I not been tipped off by two female white colleagues in the advertising industry [Dana Eudy and Natalie Flemming] that I highly trusted. I was specifically targeted by those hiring managers/teams leads because I was a black woman, over 50, deemed dumb, unqualified, Margaret McLaughlin and Heather Michael's personal dislike.

(*Id.*)

Plaintiff further states that, after she engaged in "whistleblowing" and other "protected activity," which apparently includes filing lawsuits against Meta and others affiliated with Meta, the NYPD began retaliating against her and "target[ing] her,

> based on generational systemic racist ideology and practices deep rooted in their outdated thought process of slave master [Meta Platforms, Inc.], slave catcher [the Defendant–New York City Police Department–NYPD] and their need to violently control the black Negro Slave [me the Plaintiff–a innocent black woman] in which they have now reduced me to as a natural born American citizen. As a powerless black woman since 05/03/2025, 24 hours of the day, I have been the target and victim of the Defendant [New York City Police Department–NYPD; prior to that Miami-Dade Florida Police 10/17/2023 to 05/02/2025; and before that New Jersey Police from time of whistleblowing to 10/16/2025],] premeditated retaliatory acts of violence, for the sole purpose to terrorize, torment, and torture me to my death as their punishment for employment whistleblowing.

(*Id.*)

Plaintiff acknowledges that she previously filed lawsuits against Meta in state and federal courts in Florida and New Jersey.[2] (*Id.*)

Plaintiff asserts that the NYPD discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964. She further alleges that the NYPD discriminated against her on the basis of her age, and she seeks money damages and injunctive relief. (*Id.* at 6–8.) Since filing this complaint, Plaintiff has filed six motions for emergency injunctive relief against the NYPD. (ECF Nos. 4, 8, 10–14.) In the most recently filed motion,

[2] The Court discusses Plaintiff's litigation history in more detail below.

Plaintiff realleges that the NYPD is acting "on behalf of" Meta and Ogletree, the law firm. (ECF No. 14, at 2.)

## II. STANDARD OF REVIEW

This Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. THE COMPLAINT IS DISMISSED

### A. Plaintiff fails to state an employment discrimination claim on which relief may be granted

Plaintiff asserts a race discrimination claim and invokes Title VII of the Civil Rights Act of 1964 ("Title VII"). Because she also alleges that Defendant discriminated against her on the basis of her age, this Court also construes the complaint as asserting a claim under the Age

Discrimination in Employment Act ("ADEA"). However, "the only proper defendant in a Title VII claim is the plaintiff's employer [. . . .]" *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016), *aff'd*, 715 F. App'x 28 (2d Cir. 2017) (summary order). Courts have held that the same is true with respect to ADEA claims. *See, e.g.*, *Glasgow v. CNYRTA/CENTRO, Inc.*, 5:18-CV-0721 (GTS) (ATB), 2018 WL 5660407, at *6 (N.D.N.Y. July 12, 2018) (citing *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (summary order)), *report and recommendation adopted*, 2018 WL 4347797 (GTS) (ATB) (N.D.N.Y. Sept. 12, 2018).

Because the NYPD is not and never was Plaintiff's employer, Plaintiff's employment discrimination claims against this Defendant are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. The Court dismisses the other claims as frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32–33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). A court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon her belief that the NYPD is retaliating against her on behalf of Meta and individuals and entities affiliated with Meta by, among other things, surveilling her 24 hours a day. However, a "[p]laintiff's beliefs—however strongly she may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (JPO) (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that the NYPD is conspiring with Meta. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Plaintiff has provided this Court with a narrative full of details of what she believes. Despite all the details provided, Plaintiff has pleaded no factual predicate in support of her assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers'"); *Khalil v. United States*, No. 17-CV-2652 (JFB) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because the allegations were not credible).

## IV. LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Additionally, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). According to Public Access to Court Electronic Records ("PACER"), Plaintiff has filed fourteen *pro se* civil actions and appeals asserting substantially similar claims and repeatedly seeking emergency injunctive relief, all of which have been dismissed as frivolous, duplicative, or for failure to state a claim.[3] *See, e.g.*, *Hickman v. New York City Police Dep't*, No. 25-CV-10304 (LTS) (S.D.N.Y. Jan. 7, 2026) (dismissing complaint without prejudice as duplicative of this matter); *Hickman v. New York City Police Dep't*, No. 25-CV-10166 (LTS) (S.D.N.Y. Jan. 6, 2026) (same); *Hickman v. New Jersey Police Dep't*, No. 25-CV-18311 (D.N.J. Dec. 16, 2025) (denying

[3] *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (observing that courts may take judicial notice of public records).

IFP status and dismissing complaint);[4] *Hickman v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, No. 25-CV-9705 (S.D.N.Y. filed Nov. 21, 2025) (pending); *Hickman v. Meta Platforms, Inc.*, No. 25-CV-4607 (LTS) (S.D.N.Y. June 11, 2025) (transferring complaint to the United States District Court for the Northern District of California)[5]; *Hickman v. Facebook/Meta*, No. 25-CV-02012 (D.N.J. Aug. 27, 2025) (granting defendant's motion to dismiss), *aff'd*, No. 25-2733, 2026 WL 822514, at *2 (3d Cir. Mar. 25, 2026) (summarily affirming dismissal of complaint on *res judicata grounds*); *Hickman v. Meta Platforms, Inc.*, No. 24-CV-7470 (N.D. Cal. Dec. 26, 2024) (adopting report and recommendation and denying motions for emergency injunctive relief and dismissing complaint as frivolous), *dismissing appeal as frivolous*, No. 25-45 (9th Cir. Mar. 26, 2025).

Because Plaintiff has previously asserted substantially similar claims to those asserted in this complaint, she should already be aware of the elements of stating a plausible claim under the statutes she cites. *See Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements); *cf. Roberts v. United States*, No. 24-CV-1512 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that, before filing any lawsuit, she "must make a good faith investigation into whether she has a nonfrivolous legal claim").

Another court has warned Plaintiff that she could face a filing injunction or other sanction if she persists in engaging in vexatious litigation. *See Hickman v. Facebook/Meta*, No. 25-2733, 2026 WL 822514, at *2 (3d Cir. Mar. 25, 2026) (noting Plaintiff's history of "frivolous, repetitive,

---

[4] In a complaint that is virtually identical to this complaint, Plaintiff alleged that a police department in New Jersey was retaliating against her on behalf of Meta. No. 25-CV-18311, ECF No. 1.

[5] That court dismissed that complaint as "frivolous and precluded by final judgment in a prior litigation." *See Hickman v. Meta Platforms*, No. 25-CV-5346 (N.D. Cal. Oct. 31, 2025).

and otherwise abusive" litigation and issuing warning). This Court now warns Plaintiff that if she abuses the privilege of proceeding IFP by continuing to file complaints that are frivolous, duplicative, or otherwise lack merit, the Court may order her to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing complaints IFP in this Court without its prior permission.

## V. CONCLUSION

This Court dismisses this action as frivolous and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court denies all pending motions as moot, and the Clerk of Court is directed to terminate them.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: July 6, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge